■ ESTHER SPIEGEL, Respondent, v CHAMPION CADILLAC OLDSMOBILE, INC., Defendant, and GENERAL MOTORS CORPORATION-CADILLAC MOTOR DIVISION, Appellant. [682 NYS2d 867] —In an action, *inter alia,* to recover damages for breach of warranty and to set aside a settlement agreement as fraudulent, the defendant General Motors Corporation-Cadillac Motor Division appeals from an order of the Supreme Court, Westchester County (Nicolai, J.), entered April 10, 1998, which granted the plaintiff's motion to quash a subpoena and denied its cross motion to disqualify the plaintiff's attorney.

Ordered that the order is reversed, with costs, the motion is denied, the cross motion is granted, the plaintiff's attorney is disqualified from any further representation of the plaintiff in this action, and no further action shall be taken against the plaintiff, without leave of court, until the expiration of 30 days after service upon her personally of a copy of this decision and order, which shall constitute notice to appoint another attorney pursuant to CPLR 321 (c).

The plaintiff's attorney, her former husband, was heavily involved in reaching the settlement she now seeks to set aside. The settlement was made in connection with a lawsuit to which the plaintiff's attorney was a party, and the evidence in this record reveals that he participated in the negotiations resulting in the settlement agreement and that he signed the settlement agreement as a party. In seeking to depose the plaintiff's attorney, the appellant is not attempting to discover legal advice or strategies, but rather, what facts he knew when he, as a party, agreed to enter into the settlement. Accordingly, the plaintiff's motion to quash the subpoena seeking her attorney's deposition is denied. We also find, under the circumstances of this case, that disqualification of the plaintiff's attorney is appropriate. Copertino, J. P., Joy, Krausman and Goldstein, JJ., concur.